# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JANE DOE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No.: |
| | ) |
| Giam Muu Truong, | ) |
| | ) |
|     Defendant. | ) |

## PLAINTIFF'S MOTION FOR LEAVE TO PROCEED PSEUDONYMOUSLY

COMES NOW the Plaintiff, Jane Doe, by and through the undersigned counsel, and respectfully moves this Honorable Court, pursuant to Fed. R. Civ. P. 5.2, Fed. R. Civ. P. 10, and Fed. R. Civ. P. 26, to allow her to litigate this case under the Pseudonym Jane Doe and to ensure the Defendant in this matter keeps the Plaintiff's identity confidential during the prosecution of this lawsuit and after its conclusion. In support of the instant Motion, the Plaintiff states as follows:

### I. BACKGROUND

The Plaintiff initiated this action on February 25, 2022, against Defendant Giam Muu Truong for his violations of the federal criminal child pornography

statutes including 18 U.S.C. §§ 2251, 2252, and 2252A, among other laws. *See* Doc. 1. This litigation is still in its early stages.

Although Fed. R. Civ. P. 10(a) dictates that "[t]he title of the complaint must name all parties", the videos and images of the Plaintiff when she was a minor child being raped and sexually exploited by Defendant Truong constitute child pornography within the meaning of 18 U.S.C. § 2256(8). She filed this action under the pseudonym "Jane Doe" and now formally seeks the protection of this pseudonym as previously requested in her Complaint. *See* Doc. 1 at ¶¶ 26-27. Accordingly, the Plaintiff moves this Honorable Court to permit her to proceed pseudonymously throughout this litigation.

## II.   ARGUMENT

Generally, the complaint must identify the names of the Plaintiffs. *See* Fed. R. Civ. P. 10(a). However, "[i]n some 'exceptional' cases, the public interest in knowing the identify of all the parties must yield 'to a policy of protecting privacy in a very private matter.'" *Freedom from Religion Found., Inc. v. Emanuel Cnty. Sch. Sys.*, 109 F.Supp. 3d 1353, 1356 (S.D. Ga. 2015)(quoting *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981)). A plaintiff may proceed anonymously by demonstrating "a substantial privacy right which outweighs the 'customary and

constitutionally-imbedded presumption of openness in judicial proceedings.'" *Id.* (quoting *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992)).

Like most federal courts, the Eleventh Circuit uses a multi-factor balancing test, in which no one factor is dispositive, to determine whether the plaintiff should be allowed to proceed anonymously. *See Freedom from Religion Found, Inc. v. Emanuel Cnty. Sch. Sys.*, 109 F. Supp. 3d 1353, 1356 (S.D. Ga. 2015). The court first considers "(1) whether the plaintiffs who seek anonymity are challenging governmental activity; (2) whether the prosecution of their suit compels them to disclose information of the 'utmost intimacy;' and (3) whether plaintiffs will be compelled to admit their intention to engage in illegal conduct, thus risking criminal prosecution." *Id.* at 1356-57. In addition, the court "should carefully review *all* the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identify should yield to the plaintiff's privacy concerns." *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992). For example, courts have also considered whether the plaintiffs are minors, whether proceeding under their own names puts them at risk for violence or physical harm, and whether it would be fundamentally unfair to the defendants to allow them to proceed anonymously. *See Plaintiff v. Francis*, 631 F.2d 1310, 1316 (11th Cir. 2011).

In *Plaintiff v. Francis*, the Eleventh Circuit considered whether "denying the plaintiffs anonymity at trial [would] require them to disclose information of utmost intimacy[.]" 631 F.3d 1310, 1316 (11th Cir. 2011). The appellate court stated that "[t]he issues involved in this case could not be of a more sensitive and highly personal nature – they involve descriptions of the [p]laintiffs in various stages of nudity and engaged in explicit sexual conduct while they were minors who were coerced by the [d]efendants into those activities." *Id*. at 1317. The court determined that the defendants would not be harmed by the plaintiffs proceeding anonymously because they already knew the plaintiffs' identities and could "conduct[] a full range of discovery in building a defense at trial." *Id*. at 1319. In vacating the district court's denial of the plaintiffs' motion to maintain their anonymity, the Eleventh Circuit concluded the lower "court failed to give due consideration to the concerns of the [p]laintiffs raised about being forced to maintain the suits in their own names." *Id*. at 1319.

Likewise, in the present case, the Plaintiff is concerned she will be required to disclose information "of utmost intimacy," including descriptions of the videos and images of the Plaintiff when she was a minor child being raped and sexually

exploited by Defendant Truong, if she is not allowed to proceed pseudonymously.[1] *See* Doc. 1, Compl. at ¶¶ 26-27. The Defendant entered a guilty plea in the Superior Court of Henry County, Georgia, Criminal Action #2012SUCR345WC, to statutory rape of the Plaintiff for the period of 2006 through 2007 and was sentenced for a total of fifteen (15) years, with the first five (5) years to be served in confinement and the remainder to be served on probation. In addition to her allegations of rape, the Plaintiff alleges the Defendant created sexually explicit video and images of her when she was a minor, which he uploaded to a computer to dissiminate them through use of the Internet. *See* Doc. 1, Compl. at ¶¶ 19-20, 23-24. Because the images and videos of sex acts involving the then underage Plaintiff as described in the Complaint are by their very nature child pornography, the need for protecting the Plaintiff's true identity is even more pronounced. In order to maintain her privacy, the Plaintiff should not be compelled to disclose her true identity publicly in this lawsuit. "[T]he public interest in open judicial proceedings typically gives way in cases involving sexual assaults upon minors or the existence of a stigmatizing disease." *Freedom from Religion Found., Inc. v. Emanuel Cnty. Sch. Sys.*, 109 F. Supp. 3d 1353, 1358 n.4 (S.D. Ga. 2015)(citing *Plaintiff v. Francis*, 631 F.3d 1310, 1317-19 (11th Cir.

---

[1] Although "intimacy" is legally applicable terminology for the purpose of determining whether a protective order is due to be issued, it is more than a misnomer in the context of child pornography.

2011)). In conducting its analysis of this request, the central question before the Court is "whether the Plaintiff has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992)(internal citation and quotation marks omitted). In this case, the Plaintiff "seek[s] to be protected from being re-traumatized as [a] survivor[] of [child pornography], from exposure to public ridicule and scorn, and from the association of the Plaintiff['s] name[] online with rape and sexual abuse [she] suffered." *Jane Doe #1 and Jane Doe #2 v. MG Freesites, LTD, et al.*, Case No. 7:21-cv-00220, Doc. 7 at 5 (N.D. Ala. March 3, 2021). Plaintiff fears the stigma from her community including friends, acquaintances, her employer, and others if her true identity is revealed in the public record. These privacy rights substantially outweigh the presumption of open judicial proceedings.

    Moreover, the Defendant will not be prejudiced. The Defendant knows the true identity of the Plaintiff. The Defendant will have an opportunity to defend against and investigate Plaintiff's claims and a protective order can be entered, when it is the appropriate time for discovery in this litigation, to govern the use of all documents containing the Plaintiff's true name or other identifying information (e.g. driver's license number, social security number, address, etc.) that could reveal her

true identity in the public record. In seeking the protection of a pseudonym, the Plaintiff simply seeks redaction of her personal identifying information from the public docket and a protective order preventing the publication of the Plaintiff's true identity because as she alleges in her Complaint, she is a victim of child pornography.

### III.   CONCLUSION

WHEREFORE, premises considered, the Plaintiff respectfully and more formally moves this Honorable Court to permit her to proceed pseudonymously throughout this litigation so that all Parties use the Plaintiff's pseudonym, Jane Doe, in all documents filed in this action.

Respectfully submitted this the 25th day of February 2022,

                ISENBERG & HEWITT, P.C.

                /s/ Melvin Hewitt
                Melvin Hewitt
                GA BAR 350319
                *Attorney for the Plaintiff*

**OF COUNSEL:**
600 Embassy Road, Suite 150
Atlanta, GA 30328

Gregory Zarzaur*
THE ZARZAUR LAW FIRM
2332 Second Avenue North
Birmingham, Alabama 35203
T: 205.983.7985
* *Pro Hac Vice Forthcoming*

## CERTIFICATE OF SERVICE

I hereby further certify that a copy of the foregoing motion will be served on the Defendant at the time service is perfected.

/s/ Melvin Hewitt
Melvin L. Hewitt, Jr.
GA Bar No. 351319
